PROB 12B
(7/93)

F I L E D
Clerk
District Court

*United States District Court*

for

MAR 2 2 2006

*the Northern Mariana Islands*

For The Northern Mariana Islands
By_____
(Deputy Clerk)

## Report for Modifying the Conditions or Term of Supervision with Consent of the Offender
*(Probation Form 49, Waiver of Hearings is Attached)*

| | |
|---|---|
| Name of Offender: **Jose M. Sablan** | Case Number: **CR 02-00012-001** |

Name of Sentencing Judicial Officer:   Alex R. Munson

Date of Original Sentence:   June 17, 2003

Original Offense:   Possession of Methamphetamine with Intent to Distribute and Distribution of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

Original Sentence:   Three years probation with conditions: not commit another federal, state, or local crime; not illegally possess a controlled substance; refrain from any unlawful use of a controlled substance; submit to one urinalysis within 15 days of release from imprisonment and two periodic drug tests thereafter; not possess a firearm, destructive device, or other dangerous weapon; comply with the standard conditions of probation; serve six months home detention with electronic monitoring; refrain from the use of any and all use of alcoholic beverages; participate in a substance abuse treatment program; pay a fine of $2,000; and pay a $100 special assessment fee.

Type of Supervision:   Probation         Date Supervision Commenced: June 17, 2003

### PETITIONING THE COURT

☐   To extend the term of supervision for _____ years, for a total term of _____ years.

☒   To modify the conditions of supervision as follows:

1.   The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight drug tests per month, as directed by the probation officer.

Report for Modifying the
Conditions or Term of Supervision
with Consent of Offender

page 2

CAUSE

      On September 2, 2005, the Ninth Circuit, in United States v. Stephens, No. 04-50170, addressed 18 U.S.C. § 3583(d) supervised release and 18 U.S.C. §3563(a)(5) probation mandatory testing conditions which requires that the district court determine the maximum number of mandatory drug tests. The Ninth Circuit held that because the statute requires the district court to determine the maximum number of drug tests under the mandatory condition, transferring this duty to the probation officer was an improper delegation of Article III judicial power. To assist the Court in determining the appropriate number of drug tests, the undersigned officer has evaluated Mr. Sablan's history of drug use, and the drug detection period of his drug of choice. As methamphetamine is Mr. Sablan's drug of choice and has a normal detection period of four days or less, it is recommended that the maximum number of tests the court order per month be set at eight. This will allow for adequate time intervals between tests which will help facilitate the detection of use. It also provides for enough additional tests so that the pattern of testing will not be predictable to the offender. To address the implications of United States v. Stephens, Ninth Circuit No. 04-50170, it is respectfully requested that the Court modify Jose Sablan's mandatory condition to set the maximum number of tests that he must submit. It is therefore recommended that the mandatory condition be modified as follows:

> "The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the probation officer."

      Mr. Sablan has tested consistently negative for drug and alcohol use since the commencement of supervision. He successfully completed the drug treatment and testing phase system on March 14, 2005. In addition, he paid his fine obligation on May 3, 2004, his special assessment fee on June 17, 2003, and voluntarily submitted to a DNA sampling of his blood on June 10, 2005. Mr. Sablan also served his six month home detention time from September 23, 2003 to March 22, 2004.

      Based on the information above, the probation officer respectfully requests that the Court modify the conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(2) as outlined above. Attached is Probation Form 49, Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision, with Mr. Sablan's consent to the modification.

Reviewed by:

ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader
Date: 3/17/06

Respectfully submitted,

by John W. San Nicolas II
U.S. Probation Officer
Date: 3/17/06

THE COURT ORDERS

☐ No Action

☐ The Extension of Supervision as Noted Above.

☒ The Modification of Conditions as Noted Above.

☐ Other

_____
Signature of Judicial Officer

3-22-06
Date

PROB 49
(3/89)

# United States District Court

District **Northern Mariana Islands**

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

1. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the probation officer.

Witness _____     Signed _____
         U.S. Probation Officer                        Probationer or Supervised Releasee

                                            _____
                                                        3/15/06
                                                         Date